HERRMAN v. J. F. TAPLEY CO.

(Supreme Court, Special Term, New York County.   September 7, 1909.)

DISCOVERY (§ 49*)—EXAMINATION BEFORE TRIAL—EXAMINATION OF CORPORATE
OFFICERS.

 In an action against a corporation, an examination of an officer thereof
as such cannot be had apart from an examination of the corporation it-
self, but the proper practice is to authorize the examination of the party,
and then, the party being a corporation, the order should provide that
the information is to be elicited by an examination of certain of its of-
ficers.

 [Ed. Note.—For other cases, see Discovery, Cent. Dig. § 63; Dec. Dig.
§ 49.*]

 Action by Lorenz P. Herrman against the J. F. Tapley Company.
Motion to vacate an order requiring defendant's officers to appear for
examination.   Motion granted.

 Herbert N. Warbasse, for the motion.
 Eidlitz & Hulse, opposed.

 GIEGERICH, J.   The order in question requires the defendant's
president and the defendant's secretary to appear for examination with
reference to the issues raised by the answer, and especially with ref-
erence to the identity of the defendant "as the negligent tort feasor
herein."   The order does not purport to require the company to be
examined, but it is directed against its officers individually.   It is well
settled that there is no authority for the examination of an officer
of a corporation as such apart from the examination of the corpora-
tion itself.   Jacobs v. Mexican Sugar Refining Co., Lim., No. 2, 112
App. Div. 657, 98 N. Y. Supp. 542; Shumaker v. Doubleday, Page &
Co., 116 App. Div. 302, 101 N. Y. Supp. 587.   As was said by the
court in Jacobs v. Mexican Sugar Refining Co., Lim., No. 2, supra,
page 658 of 112 App. Div., page 543 of 98 N. Y. Supp.:

 "The proper practice in such a case is to authorize the examination of the
party, and then, the party being a corporation, the order should provide that
the information is to be elicited by an examination of certain of its officers."

 As this was not done in the present case, the motion to vacate the or-
der must be granted.   Motion granted, with $10 costs.

---

COHEN v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department.   October 8, 1909.)

1. CARRIERS (§ 315*)—INJURIES TO PASSENGERS—ISSUES, PROOF, AND VARIANCE.

 In an action for injuries to a street car passenger, while alighting from
the car, there is no variance justifying a nonsuit between the complaint
alleging that the passenger notified the conductor to stop at a crossing
and the evidence that the passenger's little son, who was with her on the
car, notified the conductor to stop.

 [Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1281; Dec. Dig.
§ 315.*]

2. CARRIERS (§ 318*)—INJURIES TO PASSENGERS—EVIDENCE.

 The testimony, in an action for injuries to a street car passenger while
alighting from a car, that the conductor was told to stop at a crossing,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that he did so, that the passenger, accompanied by her little son, went to get off, and that, as she was in the act of stepping down from the running board, the car started with a jerk, and she fell, sufficiently showed that the jerk of the car caused the fall to sustain a recovery.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1314; Dec. Dig. § 318.*]

Appeal from Municipal Court of City of New York.

Action by Pauline Cohen against the Brooklyn Heights Railroad Company. From a judgment of the Municipal Court dismissing the complaint, plaintiff appeals. Reversed.

Argued before JENKS, GAYNOR, BURR, RICH, and MILLER, JJ.

Oswald N. Jacoby, for appellant.
Francis R. Stoddard, Jr., for respondent.

GAYNOR, J. The plaintiff was on one of the defendant's open cars with her little son. He told the conductor to stop at the crossing, and the conductor did so by the bell. They then went to get off, the mother leading. As she was in the act of stepping down from the running board the car started with a jerk and she fell to the street. This is their testimony. A motion for a non-suit was made on it on the ground that whereas the complaint alleges that the mother notified the conductor to stop at the crossing the evidence showed that the son did so, and granted, it being urged that the conductor might not have known she was getting off. The matter will not bear argument. A new point is now urged by the defendant, viz., that the plaintiff and her son did not testify in so many words that the jerk of the car forward threw her or made her fall, but only that she fell. This is too fine. Justice is not administered with such literalness. Everything was told in sequence, and it is fairly inferable that she fell from the movement of the car.

The judgment should be reversed.

Judgment of the Municipal Court reversed and new trial ordered, costs to abide the event. All concur.